1　IRV M. GROSS (State Bar No. 53659)
　　TIMOTHY J. YOO (State Bar No. 155531)
2　ROBINSON, DIAMANT & WOLKOWITZ
　　A Professional Corporation
3　1888 Century Park East, Suite 1500
　　Los Angeles, California  90067
4　Telephone:  (310) 277-7400
　　Telecopier:  (310) 277-7584
5

6　Attorneys for Jerry Namba,
　　Chapter 7 Trustee
7

8　　　　　　　　**UNITED STATES BANKRUPTCY COURT**
　　　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**
9　　　　　　　　　　**NORTHERN DIVISION**

10

11　In re

12　MARIA VISTA ESTATES, A
　　California General Partnership,

13　　　　　　　　　Debtor.

14

15

16

17

18

| | |
|---|---|
| In re | Case No. 9:07-bk-10362-RR |
| MARIA VISTA ESTATES, A California General Partnership, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING COMPROMISE OF CONTROVERSY WITH THE VARIOUS DEFENDANTS IN THE LINDA VISTA LITIGATION** |
| | [11 Fed. Rule Bankr. Pro. 9019; LBR 9013-1] |
| | [NO HEARING REQUIRED UNLESS REQUESTED] |

19　///

20　///

21　///

22　///

23　///

24　///

25　///

26　///

27　///

28　///

IMG/00191217.WPD/MTN/18515.000

**TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY JUDGE:**

Jerry Namba, the duly appointed, qualifying and acting Chapter 7 Trustee (the "Trustee") in the bankruptcy case of Maria Vista Estates, a California General Partnership ("MVE" or the "Debtor") will and does hereby move this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy ("FRBP") authorizing the compromise of the civil action filed in the Superior Court for the County of San Luis Obispo styled <u>Maria Vista Estates, a California General Partnership, et al. v. Linda Vista Farms Association, Inc., et al.</u>, Case No. CV040150 (the "Action"). As more fully explained below, the Action alleges various violations of due process and other civil rights against the County of San Luis Obispo and certain of its employees (the "County") and Nipomo Community Services District (the "NCSD"), as well as various claims for injunctive relief, declaratory relief and damages against certain individuals and entities (collectively, the "Farmer Defendants").[1]

The Trustee, on behalf of the Debtor's estate, and the Farmer Defendants, now desire to settle all issues between them in connection with the Action and have entered into a "Settlement Agreement and Mutual Release" (the "Settlement Agreement"), a true and correct copy of which is marked as Exhibit "1" and is attached hereto and incorporated herein by reference. The salient terms of the settlement are:  (1) the Farmer Defendants collectively will pay the Trustee the sum of One Hundred Thirty Three Thousand Five

///

---

[1] The Action includes lawsuits which have been consolidated with this case.

1  Hundred  Dollars;[2]  (2)  upon  receipt  of  their  respective

2  contribution to the settlement sum from Farmer Defendants River

3  Bluffs LLC and Carole Dean, Trustee shall cancel a certain

4  Memorandum of Agreement; (3) the Trustee will dismiss the Action

5  with prejudice as to all of the Farmer Defendants; and (4) the

6  Trustee and the Farmer Defendants agree to general mutual releases

7  (as provided in the Settlement Agreement).

8      This motion is made on the grounds that the Trustee has

9  determined that it is not in the bankruptcy estate's best interest

10 to continue to litigate the Action because of the uncertainty of

11 success, the complexity and difficulty of litigation, and the

12 uncertainty and delay in obtaining an ultimate recovery even if

13 successful in the trial court, as compared with the immediate

14 infusion of a significant amount of money into this estate.

15     **PLEASE TAKE NOTICE** that pursuant to  Local Bankruptcy

16 Rule 9013-1(e)(7), any and all responses to this motion shall be

17 filed with the Clerk of the Court located at 1415 State Street,

18 Santa Barbara, California 93101, and served upon the Office of the

19 United States Trustee at 21051 Warner Center Lane, Ste. 115,

20 Woodland Hills, California 91367, upon the Trustee, Jerry Namba,

21 whose office is located at 625 E. Chapel Street, Santa Maria,

22 California 93454, and upon counsel for the Trustee, Irv M. Gross,

23 Robinson, Diamant & Wolkowitz, A Professional Corporation, 1888

24 Century Park East, Suite 1500, Los Angeles, California 90067, no

25 ///

26

27  ———————————

[2] The respective Farmer Defendants are contributing
28 varying amounts, which total $133,500, as provided in the
Settlement Agreement.

later than fourteen (14) days after mailing of the notice of this motion.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy rule 9013-1(e)(11), failure to timely file a response to this motion may be deemed as consent to the relief requested herein.

DATED:  December 29, 2008     ROBINSON, DIAMANT & WOLKOWITZ
                              A Professional Corporation

                              By:_____
                                 IRV M. GROSS
                         Attorneys for Jerry Namba
                          Chapter 7 Trustee

IMG/00191217.WPD/MTN/18515.000         -3-

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3                                    **I.**

4                   **STATEMENT OF RELEVANT FACTS**

5

6          The Farmer Defendants[3] are the owners or lessees of

7   certain farmland in San Luis Obispo County, which, during the

8   operative period was, and continues to be, devoted to strawberry

9   farming.   The strawberry farms are adjacent to and uphill from the

10  land MVE purchased in connection with the development of the

11  Project.   Disputes arose between MVE and the Farmer Defendants

12  resulting from runoff water and substantial movement of water and

13  soil onto MVE's property. MVE has alleged, among other things, that

14  the Farmer Defendants altered the land through their farming

15  activities   and   thus   affected   the   water   runoff,   and   also

16  intentionally removed portions of a berm resulting in further runoff

17  and the loss of valuable soil, all of which delayed the Project and

18  increased its costs due to the necessity of building additional

19  drainage.

20          MVE   has   contended   that   the   County   and   the   NCSD

21  (collectively, the "Municipal Defendants") exacerbated the problems

22  by threatening ruinous delays, attempting to extort bribes (monetary

23  and/or non-monetary), and retaliating against MVE because of its

24  resistence   to   the   improper   demands.    The   Municipal   Defendants

25  manifested their hostility to the Project, according to MVE, by

26

27  ———————————

        [3]    Unless  otherwise  stated,  all  defined  terms  in  this
28  memorandum are those which were defined in the preceding notice
    to the Court.

1  refusing to provide timely inspection services and by imposing

2  unreasonable conditions for permits and other services.

3          On February 26, 2004, MVE filed the Action.  Two related

4  cases, <u>Maria Vista  Estates v. River Bluffs, LLC, et al.</u>, CV050480

5  and <u>Linda Vista Farms v. Maria Vista Farms, et al.</u>, CV060003, were

6  subsequently consolidated with the Action.  With the filing of the

7  Third Amended Complaint on October 22, 2007, MVE's principals, Erik

8  Benham and Mark Pender, were added as plaintiffs.  The Third Amended

9  Complaint alleges various violations of due process, the Equal

10 Protection Clause and the First Amendment against the Municipal

11 Defendants, and various claims for injunctive and declaratory

12 relief, abatement, nuisance and monetary damages against the Farmer

13 Defendants.

14         The Trustee is informed and believes that a demurrer filed

15 by the Municipal Defendants to the various civil rights claims

16 (First through Fifth Causes of Action) was sustained without leave

17 to amend, and some or all of those causes of action are currently

18 on appeal.  The Trustee is informed and believes that what currently

19 remains to be litigated on the Third Amended Complaint is the Sixth

20 Cause of Action against the NCSD, and the Seventh, Eighth and Ninth

21 Causes of action against the Farmer Defendants.

22         The NCSD has filed a motion for summary judgment on the

23 Sixth Cause of Action that is set for hearing on January 21, 2009.

24 At this point, the Trustee anticipates that the motion for summary

25 judgment will be granted since MVE's counsel, John Fricks ("Fricks")

26 , was permitted to withdraw on December 18, 2008, and MVE  no longer

27 has counsel and is unable to respond to the motion for summary

28 judgment.  In that event, the NCSD will be out of the Action.  The

1  Action is currently scheduled to proceed to trial on February 17,

2  2009.[4]

3

4  **II.**

5  **DISCUSSION**

6

7  **A.    The Trustee Is Authorized To Enter Into The Compromise And**

8  **Notice Of The Compromise To Creditors Is Sufficient**

9         Rule 9019(a) of the FRBP provides that on a motion, after

10  hearing and notice, the Court may approve a compromise or settlement

11  entered into by the Trustee.    Rule 2002(a)(3) of the FRBP governs

12  the notice requirements for approval of this motion.    In the case

13  at bar, a notice of motion which summarizes the relief sought was

14  served upon all creditors of this bankruptcy estate, as well as upon

15  parties requesting special notice.    A true and correct copy of the

16  "Notice of Motion" is attached hereto as Exhibit "2" and is

17  incorporated herein by reference.    Accordingly, the Trustee

18  respectfully requests the Court to enter a finding that notice is

19  sufficient to creditors for purposes of this motion.

20  ///

21  ///

22  ///

23  ///

24  —————————————

25         [4]    The complaint was filed on February 26, 2004 and,
therefore, is subject to dismissal under the "five year rule,"

26  Code of Civil Procedure § 583.310.    At the hearing on Fricks'
motion to withdraw, a request was made of the trial court to

27  continue the hearing on the motion for summary judgment.    The
trial court denied that request, and remarked  that a continuance

28  of the trial would be considered only if the Court "receives a
telephone call from Judge Riblet".

IMG/00191217.WPD/MTN/18515.000                    -6-

**B.    Case Law Supports Approval Of The Compromise**

Among the factors to be considered in determining whether a settlement is fair and equitable are the following:

(a) the probability of successful litigation;

(b) any impediments to collection;

(c) the complexity, expense, inconvenience and delay of litigation; and

(d) the interest of creditors with deference to their reasonable opinions.

In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).

The focus of inquiry when reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case.    In re General Store of Beverly Hills, 11 B.R. 539 (Bankr. 9th Cir. 1981).    Further, it is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness."    In re Heissenger, 67 B.R. 378, 383 (C.D. Ill. 1986).    From an analysis of the foregoing factors in this case, the Court should conclude that  the terms of the compromise are fair and equitable, and well within the range of reasonableness.

**1.    The Probability Of Successful Litigation**

In or around September, 2008, not long after the Trustee had been appointed, the Trustee and his counsel received a letter from Fricks, who was MVE's attorney in various state court

1   litigation matters, including the Action.  The letter included a

2   very brief summary of each matter, and advised the Trustee that

3   Fricks would not do further work on any of these matters because he

4   is owed a substantial amount of unpaid attorneys' fees, and there

5   would have to be some arrangement for compensation going forward.

6   The estate, however has no funds from which to pay Fricks, as he was

7   so advised.

8          The Trustee's counsel has read the complaint, and

9   discussed the facts with attorneys on both sides.  In addition, the

10  Trustee's counsel has spoken to the attorney for River Bluffs, LLC,

11  regarding a lawsuit it had brought against some of the Farmer

12  Defendants arising out of much the same facts.   The Trustee

13  understands that after a 7-1/2 week jury trial, replete with expert

14  testimony, the Farmer Defendants prevailed.   Nevertheless, the

15  Trustee must acknowledge that he and his counsel have not undertaken

16  an independent, in-depth analysis and evaluation of the merits of

17  the Action.   Such an evaluation simply is not practical given

18  (i) the complexity of the issues and applicable law; (ii) the fact-

19  intensive nature of the allegations in the lawsuit; (iii) the

20  discovery that has been taken and considerable discovery that

21  remains to be taken; (iv) the imminent trial date; and, (v) the

22  Trustee's lack of resources to retain Fricks or engage new counsel.

23

24         Taking into consideration all of the foregoing, the

25  Trustee has concluded that the likelihood of success in the Action

26  is at the very least problematic. When weighed against a settlement

27  which will provide this cash-poor estate with $133,500 immediately,

28  ///

IMG/00191217.WPD/MTN/18515.000                    -8-

1  the Trustee believes that this factor weighs in favor of the

2  proposed compromise.

3      **2.   Impediments To Collection**

4          The Trustee is informed and believes that while some of

5  the Farmer Defendants may have insurance, others do not.   Thus,

6  while the Municipal Defendants (who prevailed on demurrer on all but

7  one cause of action) might be able to respond to a judgment,

8  recovery from  at least some of the Farmer Defendants is probably

9  questionable.[5] Accordingly, this factor also weighs in favor of the

10  settlement.

11     **3.   The Complexity, Expense, Inconvenience And Delay Of**

12          **Litigation**

13          For the reasons stated above, the Trustee respectfully

14  submits that all of these concerns are present, and all militate in

15  favor of the settlement.  Indeed, the considerations of expense and

16  delay are particularly relevant since there is no reason to think

17  that the Farmer Defendants will not appeal any adverse judgment.

18  In that event, there will be at least the expense and delay of an

19  appeal; and, of course, there would always be the possibility of a

20  reversal and no recovery whatsoever for the estate.   These

21  considerations, when weighed against the certainty of an immediate

22  and substantial infusion of money into the estate, strongly favor

23  settlement.

24  ///

25  _____

26      [5]  Note that the Municipal Defendants are not parties to
the settlement.   Thus, to whatever extent any of those claims
27  remain viable (the civil rights claims are on appeal and the Sixth
Cause of Action is the subject of the NCSD's summary judgment
28  motion), Pender and Benham, who remain plaintiffs in the Action,
can still pursue them.

IMG/00191217.WPD/MTN/18515.000          -9-

**4.    The Interest Of Creditors Taking Into Consideration Their
Reasonable Opinions**

For all of the reasons set forth above, the Trustee respectfully submits that while there are those who would argue that claims worth millions of dollars are being settled for pennies on the dollar, such speculation and unbridled optimism is outweighed by the pragmatic concerns regarding if and when there will be a recovery, the amount of the recovery, and the reality of a presently available infusion of $133,500 into the estate. To date, the Trustee has not received a better offer for these claims, and if any creditor is inclined to present such an offer, there will be an opportunity to do so at the time of the hearing.[6]

For the foregoing reasons, the Trustee respectfully submits that the present compromise is in the best interest of the estate and its creditors.

///

///

///

///

///

///

---

[6]    Without getting into the details of settlement discussions, the Trustee will simply advise the Court that at one time Pender did offer to purchase the Trustee's litigation claims, including the Action and the "Road Fee Litigation" currently on appeal, and which is the subject of a separate motion for compromise with the County of San Luis Obispo. Pender offered slightly more than the combined settlement of the Action and the Road Fee Litigation, but the offer was unacceptable to the Trustee because of other conditions attached to it. Accordingly, from the Trustee's perspective, the present compromise remains the best available resolution of the Action.

1

## III.

## CONCLUSION

            For the foregoing reasons, the Trustee asks this Court to
enter an order:

            A.    Authorizing the Trustee to compromise the Action with
the Farmer Defendants under the terms set forth in the Settlement
Agreement attached hereto as Exhibit "1";

            B.    Finding that the notice of the motion was adequate
under the circumstances and pursuant to 11 U.S.C. § 102; and

            C.    For such other and further relief as the Court deems
just and proper.


DATED:   December 29, 2008        ROBINSON, DIAMANT & WOLKOWITZ
                                  A Professional Corporation


                                  By:_____
                                          LEV M. GROSS
                                  Attorneys for Jerry Namba
                                  Chapter 7 Trustee

1

## <u>DECLARATION OF JERRY NAMBA</u>

2

3          I, Jerry Namba, declare as follows:

4          1.    I am the Chapter 7 Trustee for the bankruptcy estate

5  of Maria Vista Estates, a General Partnership (the "Debtor").   I

6  make  this  declaration  in  support  of  the  motion  for  an  order

7  authorizing the estate to compromise certain state court litigation

8  in which the estate has an interest, as more fully described in the

9  Settlement Agreement marked Exhibit "1", and attached hereto and

10 incorporated herein by reference.

11          2.    My principal counsel in this matter, Irv Gross of the

12 law  firm  of  Robinson,  Diamant  &  Wolkowitz,  A  Professional

13 Corporation,  has  apprised  me  of  the  issues  and  problems  in  this

14 litigation  the  efforts  at  settlement,  and  ultimately  the

15 considerations involved in determining whether to enter into this

16 compromise, all as more fully detailed in the accompanying motion.

17 Taking all of these matters into consideration, in my judgment the

18 proposed  settlement  is  in  the  best  interest  of  the  estate.

19 Settlement avoids the risk of an adverse judgment at trial, avoids

20 the further expenditure of estate resources on this litigation

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  provides  additional  assets  to  an  estate  which  currently  has

2  virtually no liquid assets available.

3          I declare under penalty of perjury under the laws of the

4  United States of America that the foregoing facts are true and

5  correct, are known to me of my own personal knowledge, and to which

6  I would and could competently testify if called upon to do so.

7          Executed on this _29_ day of December, 2008, at Santa

8  Maria, California.

9

10

11  _____

12                  JERRY NAMBA
                Chapter 7 Trustee for the
13            Estate of Maria Vista Estates,
                a General Partnership

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IMG/00191217.WPD/MTN/18515.000                -13-

# EXHIBIT 1

MRR/00178451.WPD/MISC/00005.000

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (the "Agreement") is made and entered into as of November 24, 2008 by and among Jerry Namba (the "Trustee"), as Trustee for the Chapter 7 bankruptcy estate (the "Estate") of Maria Vista Estates, a California General Partnership ("MVE"), on the one hand, and Linda Vista Farms Association, Inc., Cienega Farms, Francisco and Maria Garcia ("Garcia"), Juan Cardenas, J. Cardenas & Son Farming, Inc. ("Cardenas"), Antoinette Purdon, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints ("LDS"), River Bluffs LLC ("River Bluffs"), and Carole Dean LLC ("Carol Dean") (collectively, the "Settling Defendants"), on the other hand, with respect to the facts set forth below. These identified entities and individuals are sometimes collectively referred to herein as the "Settling Parties," and individually as a "Party."

## I.

## RECITALS

A.    On February 26, 2004, MVE filed suit against certain defendants in the Superior Court for the County of San Luis Obispo, *Maria Vista Estates v. Linda Vista Farms, et al.*, Case No. CV040150. This case was subsequently consolidated with *Maria Vista Estates v. River Bluffs, LLC, et al.*, Case no. CV050480 and *Linda Vista Farms v. Maria Vista Estates, et al.*, Case No. CV060003); the consolidated cases are hereafter collectively referred to as the "Litigation." The Litigation comprises all of MVE's claims against the Settling Defendants, as well as various cross-complaints between and among various Settling Defendants in the Litigation.

B.    The Litigation arises out of, or is otherwise associated with, MVE's development project located in Nipomo, California, and specifically the residential development tracts commonly described as Tracts 1802 and 1856 (hereinafter the "Development").

C.    On March 23, 2007, MVE commenced a bankruptcy case by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Northern Division, for the Central District of California, In re Maria Vista Estates, a California General Partnership, ND 07-10362-RR.

D.    On July 9, 2008, the MVE bankruptcy case was converted to a case under Chapter 7, and the Trustee was thereafter appointed.

The Settling Parties now desire to settle all of their disputes in connection with the Litigation upon the terms and conditions set forth below, including providing mutual general releases. NOW, THEREFORE, for valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Settling Parties agree as follows:

## II.

## TERMS AND CONDITIONS

1.    <u>Recitals</u>. The recitals set forth in paragraphs A through D above, inclusive, are referred to herein by reference and made a material part hereof.

EXHIBIT    1.

0014

2.      Settlement Sum.  The Settling Defendants have offered, and the Trustee has accepted, subject to Bankruptcy Court approval, $133,500.00 (the "Settlement Sum") in complete settlement of the Litigation as between themselves and the Trustee.  The Settlement Sum shall be paid within ten (10) business days following entry of a final order by the Bankruptcy Court approving the compromise memorialized in this Agreement.  A "final order" for purposes of this Agreement is an order that has been signed and entered by the Bankruptcy Court, from which no appeal has been taken, and which is no longer subject to appeal.  The Settlement Sum shall be paid by the Settling Defendants as follows:

| | |
|---|---|
| Linda Vista Farms Association | $31,250.00 |
| Cienega Farms/Garcia | 31,250.00 |
| Cardenas | 31,250.00 |
| Antoinette Purdon/LDS | 31,250.00 |
| River Bluffs & Carole Dean | 8,500.00 |

3.      Dismissal of the MOA.  On or about December 7, 1999, River Bluffs and MVE's predecessor in interest entered into a Memorandum of Agreement ("MOA") concerning the Development and an adjoining parcel.  The MOA was recorded on September 13, 2000 as Instrument No. 2000-0525 in the Official Records of the County of San Luis Obispo.  Upon receipt from River Bluffs and Carole Dean of their share of the Settlement Sum ($8,500.00), the Trustee shall cancel the MOA.

4.      Dismissal of the Litigation.  Upon receipt of the Settlement Sum, or as soon thereafter as reasonably possible, the Trustee shall execute and file a dismissal with prejudice of the Litigation with respect to each such Settling Defendant that paid its/their/her respective contribution to the Settlement Sum.

# III.

## MUTUAL GENERAL RELEASES

1.      Except for the obligations set forth and created by this Agreement, the Trustee, for himself and the Estate, and to the extent he is authorized to do so on behalf of his and the Estate's partners, employees, consultants, representatives, agents, attorneys, joint venture partners, affiliated entities, predecessors, successors, insurers, sureties and assigns, releases the Settling Defendants, including their respective officers, directors, officials, shareholders, partners, board members, lenders, employees, consultants, representatives, agents, insurers, sureties, assigns, successors, parent corporations, subsidiaries, divisions and affiliated entities, both public and private, from all claims, demands, actions, rights, causes of action, obligations, losses, damages and liabilities, including attorneys fees, expert fees, interest, costs and expenses, claims for delay, nuisance, interference and all similar claims, of every kind and of any nature, whether known or unknown, existing on the date of execution of this Agreement, that arise out of or are connected with the Development or the Litigation.  Provided, however, that nothing in the Agreement, and specifically in this mutual general release, is intended to be, nor should it be construed as, a release of (i) any Settling Defendant that has not timely (under the Agreement) paid its share of the Settlement Sum; (ii) any claim against the County of San Luis Obispo, including any of its divisions, departments or employees, and the Nipomo Community Services District, including any of its divisions, departments or employees.

2.      Except for the obligations set forth and created by this Agreement, the Settling Defendants, and each of them, on their own behalf, and to the extent they are authorized to do so on behalf of their respective officers, directors, partners, employees, consultants, representatives, agents, attorneys,  affiliated entities, predecessors, successors, insurers, sureties and assigns, agree to fully release the Trustee and the Estate, including their agents, administrators, representatives, employees and attorneys, from any and all claims, demands, actions, rights, causes of action, obligations, costs,

losses, damages and liabilities of every kind and of any nature, whether known or unknown, existing on the date of execution of this Agreement, that arise out of or are connected with the Development or the Litigation.

3.    It is expressly understood and agreed that any and all cross-claims, including claims of indemnity, as between the Settling Defendants are hereby released and shall be dismissed with prejudice together with the dismissal to be filed by the Trustee. Additionally, by it execution of this Agreement, Cross-Defendant Engineering Development Associates, Inc. acknowledges that it shall simultaneously be dismissed with prejudice by Cross-Complainant Cienega Farms in exchange for a waiver of all fees and costs, which dismissal and waiver are hereby agreed to.

4.    The Parties understand there is a risk that they may incur losses, damages or injuries which are unknown or unanticipated, or with regard to which they are mistaken, at the time of the execution of this Agreement. Each releasing Party assumes said risks, and the releases contained herein shall apply to all unknown or unanticipated losses, damages and results as well as those known, and/or anticipated. The Settling Parties acknowledge that they have been informed by their respective counsel of the provisions of Section 1542 of the California Civil Code and the applicability of those provisions to this Agreement and the releases contained herein. Upon the advice of their respective counsel, the Settling Parties hereby waive and relinquish all rights and benefits which they have or may have under said section which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his/her favor at the time of executing the release, and if known by him/her must have materially affected his/her settlement with the debtor."

5.    The Settling Parties acknowledge that they are aware that they may hereafter discover facts which are different from or in addition to those which they now know or believe to be true with respect to this Agreement or to the matters herein released, and they agree that this Agreement and the releases contained herein shall be and remain in full force and effect in all respects notwithstanding any such different or additional facts.

## IV.

## MISCELLANEOUS PROVISIONS

1.    If any term or provision of this Agreement is declared to be invalid by a court of competent jurisdiction, or if any term or provision of this Agreement conflicts with any applicable state or federal law, such term or provision of this Agreement shall be severable from, and shall not affect the validity of, any other term or provision of this Agreement.

2.    The Settling Parties shall cooperate and do everything reasonably necessary including, but without limitation, executing further documentation, to effectuate, complete or perform this Agreement in accordance with the terms hereof and the intent of the Settling Parties.

3.    This Agreement is a compromise and settlement of disputed claims, and is not intended to be, nor shall it be construed as, an admission of any liability or wrongdoing by any of the Settling Parties, each of whom expressly denies any liability or wrongdoing.

4.    In entering into this Agreement, the Settling Parties do not rely upon any previous oral, written or implied representation, endorsement, agreement, or understanding of any kind, which may have been communicated by any person or entity. This Agreement constitutes the final and complete expression of agreement by the Settling Parties and supersedes any prior agreements or understandings of the Parties with respect to the subject matter hereof.

IMG/00190375.WPD/AGT/18515.000                    Page 3 of 7

0016

5.     This Agreement may not be altered, amended, changed, terminated, or modified in any respect without the express, written consent of all of the Settling Parties.  No waiver by any Party of any breach or default hereunder shall be deemed a waiver of any other or subsequent breach or default.

6.     In the event any action or proceeding is brought or filed to enforce, or to raise as a defense, or for breach of, any of the provisions of this Agreement, the prevailing Party shall be entitled to recover all expenses including, but not limited to, reasonable attorneys' fees and reasonable costs incurred herein.

7.     This Agreement and the performance hereof shall be construed under and governed by the laws of the State of California, and shall be enforceable pursuant to Section 664 of the California Code of Civil Procedure.

8.     The terms of this Agreement shall be binding upon, and shall inure to the benefit of, and be enforceable by, the Settling Parties and their respective past, present and future members, employees, agents, representatives, attorneys, successors and assigns.

9.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall together constitute one and the same Agreement.

10.     Each Party represents that he/she/it has full authority and capacity to execute this Agreement on that Party's behalf.

11.     The Settling Parties agree that the United States Bankruptcy Court for the Central District of California shall have sole and exclusive jurisdiction, sitting without a jury, to hear and determine any disputes arising under or on account of this Agreement.

12.     The Settling Parties agree and stipulate that this Agreement is the result of arms length negotiation and was entered into in good faith as that term is defined in California Code of Civil Procedure, Section 877.6 et seq.  All of the Settling Parties shall have the right, but not the obligation, to petition the Superior Court of San Luis Obispo County to have this settlement approved as a good faith settlement.  Said motion may be made contemporaneously with any motion to be filed by the Trustee seeking the approval of this settlement by the United States Bankruptcy Court.

**IN WITNESS WHEREOF,** the Settling Parties have each executed this Agreement as of the date set forth opposite each signature.

DATED: ___IL-I9___, 2008        _____
                                            JERRY NAMBA
                                Chapter 7 Trustee for the Estate of MVE

DATED: _____, 2008        LINDA VISTA FARMS ASSOCIATION, INC.

                                By:_____

(Signatures Continued Next Page)

5.    This Agreement may not be altered, amended, changed, terminated, or modified in any respect without the express, written consent of all of the Settling Parties. No waiver by any Party of any breach or default hereunder shall be deemed a waiver of any other or subsequent breach or default.

6.    In the event any action or proceeding is brought or filed to enforce, or to raise as a defense, or for breach of, any of the provisions of this Agreement, the prevailing Party shall be entitled to recover all expenses including, but not limited to, reasonable attorneys' fees and reasonable costs incurred herein.

7.    This Agreement and the performance hereof shall be construed under and governed by the laws of the State of California, and shall be enforceable pursuant to Section 664 of the California Code of Civil Procedure.

8.    The terms of this Agreement shall be binding upon, and shall inure to the benefit of, and be enforceable by, the Settling Parties and their respective past, present and future members, employees, agents, representatives, attorneys, successors and assigns.

9.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall together constitute one and the same Agreement.

10.    Each Party represents that he/she/it has full authority and capacity to execute this Agreement on that Party's behalf.

11.    The Settling Parties agree that the United States Bankruptcy Court for the Central District of California shall have sole and exclusive jurisdiction, sitting without a jury, to hear and determine any disputes arising under or on account of this Agreement.

12.    The Settling Parties agree and stipulate that this Agreement is the result of arms length negotiation and was entered into in good faith as that term is defined in California Code of Civil Procedure, Section 877.6 et seq. All of the Settling Parties shall have the right, but not the obligation, to petition the Superior Court of San Luis Obispo County to have this settlement approved as a good faith settlement. Said motion may be made contemporaneously with any motion to be filed by the Trustee seeking the approval of this settlement by the United States Bankruptcy Court.

**IN WITNESS WHEREOF,** the Settling Parties have each executed this Agreement as of the date set forth opposite each signature.

DATED: _____, 2008    _____
JERRY NAMBA
Chapter 7 Trustee for the Estate of MVE

DATED: _12/15/08_, 2008    LINDA VISTA FARMS ASSOCIATION, INC.

By: _____

(Signatures Continued Next Page)

0018

(Signatures Continued From Previous Page)

DATED: _____, 2008          CIENEGA FARMS

                                     By: _____

DATED: _12-11-08_, 2008              _____
                                     FRANCISCO GARCIA

DATED: _12-11-08_, 2008              _____
                                     MARIA GARCIA

DATED: _____, 2008           _____
                                     JUAN CARDENAS

DATED: _____, 2008           JUAN CARDENAS & SON FARMING, INC.

                                     By: _____

DATED: _____, 2008           _____
                                     ANTOINETTE PURDON

DATED: _____, 2008           THE CORPORATION OF THE PRESIDING
                                     BISHOP OF THE CHURCH OF JESUS CHRIST OF
                                     LATTER-DAY SAINTS

                                     By: _____

DATED: _____, 2008           ENGINEERING DEVELOPMENT ASSOCIATES,
                                     INC.

                                     By: _____

DATED: _____, 2008           RIVER BLUFFS LLC

                                     By: _____

(Signatures Continued From Previous Page)

0019

DEC-22-2008(MON) 16:00    FARMING ASSOCIATES    (FAX)805 925 0767    P.006/008
12/18/2008  23:43    8056419848    HAFFNER & KIRWIN    PAGE 07/09

**(Signatures Continued From Previous Page)**

DATED: _____, 2008        CIENEGA FARMS

                                    By: _____        _____

DATED: _____, 2008        FRANCISCO GARCIA

DATED: _____, 2008        MARIA GARCIA

DATED: 12-22-, 2008               JUAN CARDENAS

DATED: 12-22-, 2008               J. CARDENAS & SON FARMING, INC.

                                    By: _____

DATED: _____, 2008        ANTOINETTE PURDON

DATED: _____, 2008        THE CORPORATION OF THE PRESIDING
                                    BISHOP OF THE CHURCH OF JESUS CHRIST OF
                                    LATTER-DAY SAINTS

                                    By: _____

DATED: _____, 2008        ENGINEERING DEVELOPMENT ASSOCIATES,
                                    INC.

                                    By: _____

DATED: _____, 2008        RIVER BLUFFS LLC

                                    By: _____        _____

**(Signatures Continued From Previous Page)**

IMG/00190375.WPD/AGT/1ES15.000        Page 5 of 7

0020

(Signatures Continued From Previous Page)

DATED: _____, 2008          CIENEGA FARMS

                                     By: _____

DATED: _____, 2008          _____
                                     FRANCISCO GARCIA

DATED: _____, 2008          _____
                                     MARIA GARCIA

DATED: _____, 2008          _____
                                     JUAN CARDENAS

DATED: _____, 2008          JUAN CARDENAS & SON FARMING, INC.

                                     By: _____

DATED: *12/10*_____, 2008           *Antoinette Purdon*_____
                                     ANTOINETTE PURDON

DATED: _____, 2008          THE CORPORATION OF THE PRESIDING
                                     BISHOP OF THE CHURCH OF JESUS CHRIST OF
                                     LATTER-DAY SAINTS

                                     By: _____

DATED: _____, 2008          ENGINEERING DEVELOPMENT ASSOCIATES,
                                     INC.

                                     By: _____

DATED: _____, 2008          RIVER BLUFFS LLC

                                     By: _____

(Signatures Continued From Previous Page)



0021

(Signatures Continued From Previous Page)

DATED: _____, 2008        CIENEGA FARMS

                                  By: _____

DATED: _____, 2008        _____
                                  FRANCISCO GARCIA

DATED: _____, 2008        _____
                                  MARIA GARCIA

DATED: _____, 2008        _____
                                  JUAN CARDENAS

DATED:_____, 2008         JUAN CARDENAS & SON FARMING, INC.

                                  By: _____

DATED: _____, 2008        _____
                                  ANTOINETTE PURDON

DATED: *15 December*, 2008        THE CORPORATION OF THE PRESIDING
                                  BISHOP OF THE CHURCH OF JESUS CHRIST OF
                                  LATTER-DAY SAINTS

                                  By: _____

DATED: _____, 2008        ENGINEERING DEVELOPMENT ASSOCIATES,
                                  INC.

                                  By: _____

DATED: _____, 2008        RIVER BLUFFS LLC

                                  By: _____

(Signatures Continued From Previous Page)

0022

(Signatures Continued From Previous Page)

DATED: _____, 2008          CIENEGA FARMS

                                    By: _____

DATED: _____, 2008          _____
                                    FRANCISCO GARCIA

DATED: _____, 2008          _____
                                    MARIA GARCIA

DATED: _____, 2008          _____
                                    JUAN CARDENAS

DATED: _____, 2008          JUAN CARDENAS & SON FARMING, INC.

                                    By: _____

DATED: _____, 2008          _____
                                    ANTOINETTE PURDON

DATED: _____, 2008          THE CORPORATION OF THE PRESIDING
                                    BISHOP OF THE CHURCH OF JESUS CHRIST OF
                                    LATTER-DAY SAINTS

                                    By: _____

DATED: DEC. 11, 2008                ENGINEERING DEVELOPMENT ASSOCIATES,
                                    INC

                                    By: _____
                                    PAUL E. REICHARDT, PRES, CEO.

DATED: _____, 2008          RIVER BLUFFS LLC

                                    By: _____

(Signatures Continued From Previous Page)

0023

(Signatures Continued From Previous Page)

DATED: _____, 2008          CIENEGA FARMS

                                       By: _____

DATED: _____, 2008          _____
                                       FRANCISCO GARCIA

DATED: _____, 2008          _____
                                       MARIA GARCIA

DATED: _____, 2008          _____
                                       JUAN CARDENAS

DATED: _____, 2008          JUAN CARDENAS & SON FARMING, INC.

                                       By: _____

DATED: _____, 2008          _____
                                       ANTOINETTE PURDON

DATED: _____, 2008          THE CORPORATION OF THE PRESIDING
                                       BISHOP OF THE CHURCH OF JESUS CHRIST OF
                                       LATTER-DAY SAINTS

                                       By: _____

DATED: _____, 2008          ENGINEERING DEVELOPMENT ASSOCIATES,
                                       INC.

                                       By: _____

DATED: *Dec. 8*, 2008                  RIVER BLUFFS LLC

                                       By: _____
                                       *CLAY BRADFIELD, MANAGING member*

(Signatures Continued From Previous Page)

0024

(Signatures Continued From Previous Page)

DATED: _Dec. 6_, 2008        CAROLE DEAN LLC

                              By: _____

                              _Robert D. Robinson, managing
                              member_

**Approved as to Form and Content:**

By:_____
        Jacqueline Vitti Frederick, Esq.
        Attorney for Linda Vista Farms

DANER LAW FIRM, APLC

By:_____
        Adam M. Daner, Esq.
        Attorney for Francisco & Maria Garcia
        Cienega Farms

HAFFNER HAFFNER & KIRWIN

By:_____
        Matthew M. Haffner, Esq.
        Attorney for Juan Cardenas and Cardenas & Sons

FARMER & READY

By:_____
        Paul F. Ready, Esq.
        Attorney for the Corporation of the Presiding
        Bishop of the Church of Jesus Christ of
        Latter-day Saints and Antoinette Purdon

LEWIS BRISBOIS BISGAARD & SMITH

By:_____
        Debora K. Walker, Esq.
        Attorney for Engineering Development Associates, Inc.

(Signatures Continued From Previous Page)

0025

(Signatures Continued From Previous Page)

DATED: _____, 2008          CAROLE DEAN LLC

                                        By:_____

**Approved as to Form and Content:**

By:_____
        Jacqueline Vitti Frederick, Esq.
        Attorney for Linda Vista Farms

DANER LAW FIRM, APLC

By:_____
        Adam M. Daner, Esq.
        Attorney for Francisco & Maria Garcia
        Cienega Farms

HAFFNER HAFFNER & KIRWIN

By:_____
        Matthew M. Haffner, Esq.
        Attorney for Juan Cardenas and Cardenas & Sons

FARMER & READY

By:_____
        Paul F. Ready, Esq.
        Attorney for the Corporation of the Presiding
        Bishop of the Church of Jesus Christ of
        Latter-day Saints and Antoinette Purdon

LEWIS BRISBOIS BISGAARD & SMITH

By:_____
        Debora K. Walker, Esq.
        Attorney for Engineering Development Associates, Inc.

(Signatures Continued From Previous Page)

0026

(Signatures Continued From Previous Page)

DATED: _____, 2008          CAROLE DEAN LLC

                                      By:_____

**Approved as to Form and Content:**

By:_____
        Jacqueline Vitti Frederick, Esq.
        Attorney for Linda Vista Farms

DANER LAW FIRM, APLC

By:_____
        Adam M. Daner, Esq.
        Attorney for Francisco & Maria Garcia
        Cienega Farms

HAFFNER HAFFNER & KIRWIN

By:_____
        Matthew M. Haffner, Esq.
        Attorney for Juan Cardenas and Cardenas & Sons

FARMER & READY

By:_____
        Paul F. Ready, Esq.
        Attorney for the Corporation of the Presiding
        Bishop of the Church of Jesus Christ of
        Latter-day Saints and Antoinette Purdon

LEWIS BRISBOIS BISGAARD & SMITH

By:_____
        Debora K. Walker, Esq.
        Attorney for Engineering Development Associates, Inc.

(Signatures Continued From Previous Page)

0027

(Signatures Continued From Previous Page)

DATED: _____, 2008          CAROLE DEAN LLC

                                       By:_____

**Approved as to Form and Content:**

By:_____
      Jacqueline Vitti Frederick, Esq.
      Attorney for Linda Vista Farms

DANER LAW FIRM, APLC

By:_____
      Adam M. Daner, Esq.
      Attorney for Francisco & Maria Garcia
      Cienega Farms

HAFFNER HAFFNER & KIRWIN

By:_____
      Matthew M. Haffner, Esq.
      Attorney for Juan Cardenas and Cardenas & Sons

FARMER & READY

By:_____
      Paul F. Ready, Esq.
      Attorney for the Corporation of the Presiding
      Bishop of the Church of Jesus Christ of
      Latter-day Saints and Antoinette Purdon

LEWIS BRISBOIS BISGAARD & SMITH

By:_____
      Debora K. Walker, Esq.
      Attorney for Engineering Development Associates, Inc.

(Signatures Continued From Previous Page)

0028

(Signatures Continued From Previous Page)

DATED: _____, 2008          CAROLE DEAN LLC

                                     By:_____

**Approved as to Form and Content:**

By:_____
      Jacqueline Vitti Frederick, Esq.
      Attorney for Linda Vista Farms

DANER LAW FIRM, APLC

By:_____
      Adam M. Daner, Esq.
      Attorney for Francisco & Maria Garcia
      Cienega Farms

HAFFNER HAFFNER & KIRWIN

By:_____
      Matthew M. Haffner, Esq.
      Attorney for Juan Cardenas and Cardenas & Sons

FARMER & READY

By:_____
      Paul F. Ready, Esq.
      Attorney for the Corporation of the Presiding
      Bishop of the Church of Jesus Christ of
      Latter-day Saints and Antoinette Purdon

LEWIS BRISBOIS BISGAARD & SMITH

By:_____
      ~~Deborah K. Walker, Esq.~~ Deborah A. Walker, Esq.
      Attorney for Engineering Development Associates, Inc.

(Signatures Continued From Previous Page)

0029

(Signatures Continued From Previous Page)

LAW OFFICES OF C. KENT STEPHENS

By: _____
     C. Kent Stephens
     Attorney for River Bluffs LLC and Carole Dean LLC


ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation

By: _____
     Irv M. Gross
     Attorneys for Jerry Namba
     Chapter 7 Trustee

0030

# EXHIBIT 2

MRR/00178451.WPD/MISC/00005.000

IRV M. GROSS (State Bar No. 53659)
TIMOTHY J. YOO (State Bar No. 155531)
ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation
1888 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone:  (310) 277-7400
Telecopier:  (310) 277-7584

Attorneys for Jerry Namba, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>MARIA VISTA ESTATES, A California General Partnership,<br><br>    Debtor. | Case No. 9:07-bk-10362-RR<br>Chapter 7<br><br>**NOTICE OF MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH THE VARIOUS DEFENDANTS IN THE LINDA VISTA LITIGATION**<br><br>[Federal Rule of Bankruptcy Procedure 9019; Local Bankruptcy Rule 9013-1(g)(1)]<br><br>[No Hearing Required Unless Requested] |

**TO ALL PARTIES IN INTEREST:**

   **PLEASE TAKE NOTICE** that Jerry Namba, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Maria Vista Estates, A California General Partnership (the "Debtor") has filed a motion with this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(g)(1) approving the Settlement Agreement and Mutual Release (the "Agreement") entered into by and between the Trustee and the various defendants in the civil action filed in the Superior Court for the County of San Luis Obispo styled <u>Maria Vista Estates, a California General Partnership, et al. v. Linda Vista Farms Association, Inc., et al.</u>, Case No. CV040150 (the "Action").  Specifically, Linda Vista Farms Association, Inc.; Cienega Farms; Francisco Garcia; Maria Garcia; Juan Cardenas; J. Cardenas & Son Farming, Inc.; Antoinette Purdon; Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints; River Bluffs LLC; Carole Dean (collectively, the "Farmer Defendants"),

   The Settlement Agreement provides <u>inter alia</u> that (1) the Farmer Defendants collectively will pay the Trustee the sum of One Hundred Thirty Three Thousand Five Hundred Dollars; (2) upon receipt of their respective contribution to the settlement sum from Farmer Defendants River Bluffs LLC and Carole Dean, Trustee shall cancel a certain Memorandum of Agreement; (3) the Trustee will dismiss the Action with prejudice as to all of the Farmer Defendants; and (4) the Trustee and the Farmer Defendants agree to general mutual releases as provided in the Settlement Agreement.

0031

**EXHIBIT   2**

The Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Trustee has determined that the Agreement is in the best interests of the estate in light of the uncertainties arising from litigation, the possibility that the Trustee may recover less than the agreed upon settlement amount on behalf of the estate, and the fees and expenses associated with proceeding with litigation of the Action further.

The Motion is based on the moving papers, the Memorandum of Points and Authorities, Declaration of Jerry Namba, and exhibit attached thereto, the pleadings and orders on file in this bankruptcy case, and such other and further evidence and argument as may be presented to the Court.

The discussion in this Notice is qualified in its entirety by reference to the Motion and the attachments to the Motion, which are on file with the Clerk of the Bankruptcy Court.  Creditors and parties in interest who desire further information are recommended to review the Motion in its entirety.

**PLEASE TAKE FURTHER NOTICE** that any interested party that wishes to oppose the relief requested in this Motion must file with the Clerk of the United States Bankruptcy Court, located at 1415 State Street, Santa Barbara, California 93101, and serve upon the Office of the United States Trustee, located at 21051 Warner Center Lane, Suite 115, Woodland Hills, California 91367, the Trustee, located at 625 E. Chapel Street, Santa Maria, California 93454, and counsel for the Trustee, located at the address indicated at the upper left corner of the first page of this Notice, a written response that complies with Local Bankruptcy Rule 9013-1(a)(7) and request a hearing within 15 days of the service of this Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(a)(11), failure to file and serve a timely written response may be deemed by the Court as consent to the granting of the relief requested in the Motion.

DATED:   December 29, 2008

ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation

By:_____
        IRV M. GROSS
     Attorneys for Jerry Namba
        Chapter 7 Trustee

MAILING DATE: December 29, 2008

0032

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On **December 29, 2008** , I served the foregoing document described as: **NOTICE OF MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH THE VARIOUS DEFENDANTS IN THE LINDA VISTA LITIGATION** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

### SEE ATTACHED SERVICE LIST

 **x  By mail**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

 __  I caused such document to be sent via Overnite Express to the persons listed in the attached service list at Los Angeles, California.

 **x**   I caused such document to be sent via electronic mail to the persons listed in the attached service list at Los Angeles, California.

 __  I caused such document to be sent via facsimile to the persons listed in the attached service list at Los Angeles, California.

 __  I caused such envelope to be delivered via messenger (In-House Attorney Service) to the persons listed in the attached service list.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **December 29, 2008** at Los Angeles, California.


ADELAIDA OLVERA

0033

**Maria Vista Estates**
**Case No. 9:07-bk-10362-RR**

United States Trustee
21051 Warner Center Lane,
Suite 115
Woodland Hills, CA 91367
*Via E-mail*

Debtor
Maria Vista Estates
A California General Partnership
124 W. Main Street, Suite C
Santa Maria, CA 93458

Attorneys for Debtor
Joseph M. Sholder, Esq.
Michaelson, Susi & Michaelson
7 W Figueroa Steet, 2nd Floor
Santa Barbara, CA 93101-3191

Chapter 7 Trustee
Jerry Namba
625 East Chapel Street
Santa Maria, CA 93454

Attorneys for Security Pacific Bank
Andrew S. Rotter, Esq.
Gumport Reitman
550 South Hope St., Ste. 825
Los Angeles, CA 90071

Attorney for Erik Benham
Vaughn C. Taus, Esq.
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401

Attorneys for Mark Pender
Scott F. Gautier, Esq.
Monsi Morales, Esq.
Peitzman, Weg & Kempinsky, LLP
10100 Santa Monica Blvd., Ste. 1450
Los Angeles, CA 90067

Creditors

Allshouse Engineering Inc.
330 James Way, Ste. 160
Pismo Beach, CA 93449-2891

American Express Bank FSB
c/o Beckett and Lee LLP
P.O. Box 301
Malvern, PA 19355-0701

Burcham Tile
c/o Karen Grant
205 E. Figueora Street
Santa Barbara, CA 93101-2120

Dennis G. Johnson
dba DG Johnson Construction
c/o 1139 March St., 2nd Floor
San Luis Obispo, CA 93401-3315

Ferguson Enterprises, Inc.
c/o Gyskulski APLC
16027 Ventura Blvd., #503
Encino, CA 91436-4450

Groeniger & Company
c/o Raymond A. Myer & Jasen B. Nielson
Myer & Fock
1220 1/2 State Street
Santa Barbara, CA 93101-2667

Insurance Company Of The West
c/o R. Niesley
2040 Main Street, #300
Irvine, CA 92614-7291

Linda Vista Farms Assoc., Inc.
c/o Jacqueline Vitti Frederick, Esq.
267 W. Tafft Street, Ste. B
Nipomo, CA 93444-9229

Maria Vista Estates
124 W. Main Street, Suite C
Santa Maria, CA 93458-5050

Security Pacific Bank
Gumport Reitman
550 South Hope Street, Ste. 825
Los Angeles, CA 90071-2610

Superior Framing Inc.
c/o P. Scoles
1104 Vine Street, #B
Paso Robles, CA 93446-5504

United States Trustee
21051 Warner Center Lane, Ste. 115
Woodland Hills, CA 91367-6550

Ventana Fine Windows & Doors Inc.
c/o J. Rabinowitz
Fall Marking Abkin Montgomery
Santa Barbara, CA 93101

Northern Division
1415 State Street
Santa Barbara, CA 93101-2511

84 Lumber
3600 Higuera Street
San Luis Obispo, CA 93401-7306

AAW Doors
13900 S. Broadway
Los Angeles, CA 90061-1016

ABF Freight System, Inc.
P.O. Box 10048
Fort Smith, AR 72917-0048

Abington Concrete
P.O. Box 1295
Arroyo Grande, CA 93421-1295

Ahern Rentals, Inc.
1105 S. Blosser Road
Las Vegas, NV 89103

Air Vol Block
P.O. Box 931
San Luis Obispo, CA 93406-0931

American Marbog
P.O. Box 2978
Atascadero, CA 93423-2978

0034

Apodoca Paving
P.O. Box 1
Grover Beach, CA  93483-0001

Applied Engineering
P.O. Box 4445
San Luis Obispo, CA  93403-4445

Azina Communications
dba Dream Spaces
10018 Nevada Avenue
Chatsworth, CA  91311-3616

BC Pump Sales & Service, Inc.
P.O. Box 6655
Santa Maria, CA  93456-6655

Bassett Rain Gutters, Inc.
541 H W Betteravia Road
Santa Maria, CA  93455-1244

Bening Company, L.L.C.
124 W. Main Street, Suite C
Santa Maria, CA  93458-5050

Bermuda Imports-Export, Inc
8861 N. San Fernando Road
Sun Valley, CA  91352-1408

Burcham Tile
P.O. Box 1481
Santa Maria, CA  93456-1481

California Wholesale Material
9150 Wilshire Blvd., #270
Beverly Hills, CA  90212-3452

County of San Luis Obispo
c/o Clayton Hall
1319 Marsh Street, 2nd Floor
San Luis Obispo, CA  93401-3315

CSI Service, Inc.
P.O. Box 801357
Santa Clarita, CA  91380-1357

Cal Ply
914 W. Boone
Santa Maria, CA  93458-5450

CaliLand Engineering, Inc.
1216 S. Garfield, Avenue, Ste. 200
Alhambra, CA  91801-5069

CaliLand Engineering, Inc./EDA
1216 S. Garfield Avenue, Ste. 200
Alhambra, CA  91801-5069

Central Drywall
245 Beckett Place
Grover Beach, CA  93433-1917

City Glass
427 W Betteravia Road
Santa Maria, CA  93455-1201

Communication Solutions
P.O. Box 2135
Orcutt, CA  93457-2135

D.G. Johnson
P.O. Box 293
Arroyo Grande, CA  93421-0293

Dennis Johnson
Hall Hleatt & Connelly LLP
1319 Marh Street, 2nd Floor
San Luis Obispo, CA  93401-3315

EDA - Design Professionals
P.O. Box 1829
San Luis Obispo, CA  93405-1829

Engineering Development Associates
eda Design
P.O. Box 1829
San Luis Obispo, CA  93406-1829

Erik Benham
124 W. Main Street, Suite C
Santa Maria, CA  93458-5050

Esquire Deposition Services, LLC
P.O. Box 785751 W. Main St., Ste. C
Philadelphia, PA  19178-0001

Ferguson Enterprises, Inc.
c/o L. Tood
16027 Ventura Blvd., #503
Encino, CA  91436-4450

Fence Factory
2650 El Camino Real
Atascadero, CA  93422-1915

Ferguson Enterprises
4546 Broad Street
San Luis Obispo, CA  93401-7953

Floyd V. Wells, Inc.
1337 W. Betteravia Road
Santa Maria, CA  93455-1031

Forshaw
13200 Corporate Exchange Drive
St. Luis, MO  63044-3719

Frank L. Freitas
County Tax Collector
Room D-290
San Luis Obispo, CA  93408-0001

Frazen Paint & Wallcoverings
102 Cross
San Luis Obispo, CA  93401-7577

0035

Fresno Shower Door & Mirror
3603 W. Gettysburg Ave.
Fresno, CA  93722-7817

GSI Soils, Inc.
524 East Chapel Street
Santa Maria, CA  93454-4520

Gearhart Building Products
P.O. Box 2858
Atascadero, CA  93423-2858

Gibbie Electric Service
214 N. Mallagh
Nipomo, CA  93444-9443

Granite Construction. Co.
P.O. Box 60000
San Francisco, CA  94160-0001

Groeniger & Co
P.O. Box 3629
Hayward, CA  94540-3629

Groeniger & Co.
c/o Myer & Fock
1220 1/2 State Street
Santa Barbara, CA  93101-2667

H.E. Pierson Construction Service
P.O. Box 1548
Arroyo Grande, CA  93421-1548

Hansen Aggregates
P.O. Box 639069
San Diego, CA  92163-9069

Harvcal, Inc. Loan & Interest
124 Main Street, Suite C
Santa Maria, CA  93458-5050

Hayward Lumber
P.O. Box 7440
Santa Maria, CA  93456-7440

Heritage Concrete
P.O. Box 6386
Santa Maria, CA  93456-6368

Homer T. Hayward Lumber Co.
c/o Lisa Omori
333 Salinas Street
P.O. Box 2510
Salinas, CA  93902-2510

Homer T. Hayward Lumber Co.
c/o Anne Secker, Esq.
Noland, Hamerly, Etienne & Hose
P.O. Box 2510
Salinas, CA  93902-2510

Inman Thomas LLP
1528 Eureka Road, #101
Roseville, CA  95661-3047

Insurance Company of the West
c/o Rebecca S. Glos
2040 Main Street, #300
Irvine, CA  92614-7291

Inman - Thomas, LLP
2390 Professional Parkway
Roseville, CA  95661-7745

INTERNAL REVENUE SERVICE
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Jack Mulligan
One Bush St., Ste. 600
San Francisco, CA 94104-4411

John Deere Landscapes
115 Cuyama Lane
Nipomo, CA 93444-9758

Joseph Engineering
528 E. Orange Street
Santa Maria, CA 93454

LGA
649 Dolliver Street
Pismo Beach, CA 93449-2620

Law Office of Robert D. Reed
2429 Professional Parkway, Ste. 101
Santa Maria, CA 93455-6818

Lopez Sealing
548 Montone Ave.
Grover Beach, CA 93433-5735

Magno Cabinets
2360 Thompson Way, Unit G
Santa Maria, CA 93455-1095

Main Street Banner USA The Flag
Factory
P.O. Box 41829
Santa Barbara, CA 93140-1829

Mainline Utility Company
P.O. Box 2205
Atascadero, CA 93423-2005

Mayan
2930 Los Olivos
Oxnard, CA 93036-8940

Mayfield Blueprint
3130 Skyway Drive, Ste. 104
Santa Maria, CA 93455-8994

McCall Tree & Landscape
4475 Traffic Way
Atascadero, CA 93422-3006

00186

McDaniel Shorthand Reporters, Inc.
1302 Osos Street
San Luis Obispo, CA 93401-4034

McMillen Construction
2600 Christmas Tree Place
Oceano, CA 93445-8994

Module Marble & Granite
8861 N. San Fernando Rd.
Sun Valley, CA 91352-1408

Moreland Consulting, Inc.
5301 Office Park Drive
Bakersfield, CA 93309-0677

Morris & Garritano Insurance
112 Laurel Lane
San Luis Obispo, CA 93401

Nipomo Community Service District
P.O. Box 326
Nipomo, CA 93444-0326

Ogden & Fricks
Attn: John W. Fricks
625 Santa Rosa St. 2nd Fl.
San Luis Obispo, CA 93401

Ogden & Fricks, LLP
656 Santa Rosa Street
San Luis Obispo, CA 93401-2811

Osumi Nursery
P.O. Box 339
Santa Maria, CA 93456-0339

PG&E
P.O. Box 997300
Sacramento, CA 95899-7300

Pacific West Roofing Supply, Inc.
P.O. Box 1306
Santa Maria, CA 93456-1306

Pender Properties, Inc.
11718 Barrington Court #804
Los Angeles, CA 90049-2930

Peralez Masonry
P.O. Box 6706
Santa Maria, CA 93456-6706

Petersendean Roofing
21616 Golden Triangle Rd.
Santa Clarita, CA 91350-2614

Planet Earth Landscaping
P.O. Box 904
Pismo Beach, CA 93448-0904

Plumbing San Luis Obispo
P.O. Box 173
Pismo Beach, CA 93448-0173

Pulitzer Central Coast Newspaper
P.O. Box 400
Santa Maria, CA 93456-0400

QUE MAS
104 W. Chapel
Santa Maria, CA 93458-4302

Quality Heating and Air Conditioning
742 E. Arctic Ave. Ste. A
Santa Maria, CA 93454-6267

Quinn Rental Service
525 Sandydale
Nipomo, CA 93444-9277

R. Baker, Inc.
P.O. Box 419
Arroyo Grande, CA 93241-0419

R. Simmons Construction
730 Garret Ln.
Arroyo Grande, CA 93420-9619

RMC Construction
7201 Haven Ave. #E-229
Rancho Cucamonga, CA 91701-6065

Reed & Graham, Inc.
P.O. Box 5940
San Jose, CA 95150=5940

Rueben & Junius, LLP
One Bush St. #600
San Francisco, CA 94104-4411

Rhea Canaday
1095 W. McCoy Lane #103
Santa Maria, CA 93455-1105

Russco
2240 S. Thornburg St.
Santa Maria, CA 93455-1248

SLO County Assessor
County Government Center
San Luis Obispo, CA 93408-0001

SLO County Dept. Of Planning &
Building
County Government Center
San Luis Obispo, CA 93408-0001

SLO County Newspaper
3825 S. Higuera Street
San Luis Obispo, CA 93401-7438

0037

SLO County Public Health Dept.
2156 Sierra Way
San Luis Obispo, CA 93401-4556

SLO County Public Works Dept.
Public Works Department
San Luis Obispo, CA 93408-0001

SLO County Stone & Arch. Products
998 Huston St., Ste. A
Grover Beach, CA 93433-3114

San Luis Obispo County
Hall, Hieatt & Connel, LLP
1319 Marsh St., 2nd Floor
San Luis Obispo, CA 93401-3315

Santa Maria Tile Encounters
5497 Queens St.
Ventura, CA 93003-3496

Sawyers
P.O. Box 578
Santa Maria, CA 93456-0578

Sears Commercial One
P.O. Box 630859
Irving, TX 75063-0136

Security Pacific Bank
845 N. Euclid Avenue
Ontario, CA 91762-2729

Sheppard, Mullin, Richter & Hampton
Attn: P. Atkins-Pattenson
4 Embarcadero Center 17th Fl
San Francisco, CA 94111-4158

Sherwin Williams Co.
431 W. Betteravia Rd.
Santa Maria, CA 93455-1231

Signs of Success
2350 Skyway Dr. #10
Santa Maria, CA 93455-1532

Somach, Simmons & Dunn
813 Sixth Street, Third Floor
Sacramento, CA 95214

South County Sanitary SVC, Inc.
A Waste Connections Company
Grover Beach, CA 93433

Speed's Oil Tool Service, Inc.
P.O. Box 276
Santa Maria, CA 93456-0276

State Water Resources Control Board
SWRCB Accounting Office
Sacramento, CA 95812

Statewide Safety & Signs
P.O. Box 1440
Pismo Beach, CA 93448-1440

Superior Framing, Inc.
P.O. Box 2299
Atacadero, CA 93423-2299

TCG, Inc.
124 W. Main, Street, Suite C
Santa Maria, CA 93458-5050

TCG, Inc. Loan & Interest
124 W. Main Street, Suite C
Santa Maria, CA 93458-5050

The Real Estate Book
900 Charles Street
Grover Beach, CA 93433-1316

Trincon, Inc. Acquisitions & Services
124 W. Main Street, Suite C
Santa Maria, CA 93458-5050

Trincon, Inc. Loan & Interest
124 W. Main Street, Suite C
Santa Maria, CA 93458-5050

Troesh Ready Mix
305 Cuyama Lane
Santa maria, CA 93456

Union Asphalt
P.O. Box 1280
Santa Maria, CA 93456-1280

Ventana Fine Windows & Doors
222 E. Carrillo St. #400
Santa Barbara, CA 93101-7148

Ventana Fine Window and Doors, Inc.
4420 Broad St., Ste. E
San Luis Obispo, CA 93401-7995

Verizon
P.O. Box 30001
Inglewood, CA 90313-0001

Via Rubio, LLC Loan & Interest
124 W. Main Street, Suite C
Santa Maria, CA 93458-5050

Water Resource Engineering
Associates
2300 Alessandro Dr., Ste. 215
Ventura, CA 93001-3778

Water Wholesale Elec.
200 N. Berry Avenue
Brea, CA 92821-3924



Western Insulation
620 South Frontage Rd.
Nipomo, CA 93444-9148

White Cap Construction Supply
P.O. Box 1770
Costa Mesa, CA 92628-1770

Yanez Electric, Inc.
132 N. F Street
Lompoc, CA 93436-6813

Antoinette Purdon
c/o Farmer & Ready
1254 Marsh Street
P.O. Box 1443
San Luis Obispo, CA 93406-1443

Erik Benham
124 West Main Street
Santa Maria, CA 93458-5050

Jerry Namba
625 E. Chapel Street
Santa Maria, CA 93454-4521

John W. Fricks
Ogden & Fricks LLP
656 Santa Rosa St. 2nd Floor
San Luis Obispo, CA 93401-2811

Joseph M. Sholder
Michaelson, Susi & Michaelson
7 W. Figueroa Street, 2nd Floor
Santa Barbara, CA 93101-3191

Mark Pender
C/O Peitzman, Weg & Kimpinsky LLP
10100 Santa Monica Blvd.
Suite 1450
Los Angeles, CA 90067-4115

Phillip F. Atkins-Pattenson
Sheppard, Mullin, Richter & Hampton
LLP
4 Embarcedaro Center 17th Floor
San Francisco, CA 94111-4158

Robert D. Reed
2429 Professional Pkwy, Ste. 101
Santa Maria, CA 93455-6818

Robert D. Robinson
c/o E. Panizzon
P.O. Box 788
Santa Barbara, CA 93102-0788

186574

0039

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On **December 29, 2008** , I served the foregoing document described as: **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING COMPROMISE OF CONTROVERSY WITH THE VARIOUS DEFENDANTS IN THE LINDA VISTA LITIGATION** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

SEE ATTACHED SERVICE LIST

 **x  By mail**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

 **x**   I caused such document to be sent via electronic mail to the persons listed in the attached service list at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **December 29, 2008** at Los Angeles, California.


ADELAIDA OLVERA

IMG:00191217.WPD/MTN/18515.000

0040

1

2

## SERVICE LIST

3

4 <u>Debtor</u>
Maria Vista Estates
5 A California General Partnership
124 W. Main Street, Suite C
Santa Maria, CA 93458
6

7 <u>Attorneys for Debtor</u>
Joseph M. Sholder, Esq.
8 Michaelson, Susi & Michaelson
7 W Figueroa Steet, 2nd Floor
Santa Barbara, CA 93101-3191
9

10 United States Trustee
21051 Warner Center Lane,
Suite 115
11 Woodland Hills, CA 91367
**Via E-mail**
12

13 <u>Chapter 7 Trustee</u>
Jerry Namba
625 East Chapel Street
14 Santa Maria, CA 93454

15 <u>Attorneys for Security Pacific Bank</u>
Andrew S. Rotter, Esq.
16 Gumport Reitman
550 South Hope St., Ste. 825
17 Los Angeles, CA 90071

18 <u>Attorney for Erik Benham</u>
Vaughn C. Taus, Esq.
19 1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
20

21 <u>Attorneys for Mark Pender</u>
Scott F. Gautier, Esq.
Monsi Morales, Esq.
22 Peitzman, Weg & Kempinsky, LLP
10100 Santa Monica Blvd., Ste. 1450
23 Los Angeles, CA 90067

<u>Defendants:</u>

<u>Attys. for Linda Vista Farms</u>
Jacqueline Vitti Frederick, Esq.
267 W. Tefft St., #B
Nipomo, CA 90344

<u>Attys. for Francisco & Maria Garcia & Cienega Farms</u>
Adam M. Daner, Esq.
Daner Law Firm, APLC
4251 S. Higuera St., Ste. 102
San Luis Obispo, CA 93401

<u>Attys. for Juan Cardenas and Cardenas & Sons</u>
Matthew M. Haffner, Esq.
Haffner Haffner & Kirium, Esq.
474 E. Main Stn Blvd.
Ventura, CA 93001

<u>Attys. for the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints and Antoinette Purdon</u>
Paul F. Ready, Esq.
Farmer & Ready
PO Box 1443
San Luis Obispo, CA 93406

<u>Attys. for Engineering Development Associates, Inc.</u>
Deborah A. Walker, Esq.
Lewis Brisbois Bisgaard & Smith
650 Town Center Dr., #1400
Costa Mesa, CA 92626

24

25

26

27

28

IMG:00191217.WPD/MTN/18515.000

0041