Kenneth N. Russak (State Bar No. 107283)
  krussak@frandzel.com
Tricia L. Legittino (State Bar No. 254311)
  tlegittino@frandzel.com
Bob Benjy (State Bar No. 211569)
  bbenjy@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Creditor Federal Deposit Insurance
Corporation, as Receiver of Security Pacific
Bank

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>MARIA VISTA ESTATES,<br>a California General Partnership,<br><br>Debtor. | **Bk. No.   ND 07-10362-RR**<br><br>**Chapter 11**<br><br>FDIC'S REQUEST FOR HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING COMPROMISE OF CONTROVERSY WITH THE VARIOUS DEFENDANTS IN THE LINDA VISTA LITIGATION |

TO:     THE CLERK OF THE BANKRUPTCY COURT, THE DEBTOR, ALL CREDITORS

AND OTHER PARTIES IN INTEREST:

Pursuant to Local Bankruptcy Rule 9013(g)(1), the Federal Deposit Insurance Corporation, in its capacity as Receiver of Security Pacific Bank ("FDIC") requests a hearing on the "Chapter 7 Trustee's Motion for Order Authorizing Compromise of Controversy with the Various Defendants in the Linda Vista Litigation" ("Settlement Motion").

Although the FDIC takes no position on the merits of the settlements described in the Settlement Motion, *per se*, one of the statements in the Settlement Motion begs the question whether the proceeds of the settlement described in the Settlement Motion ("Settlement Proceeds")

will constitute unencumbered cash of the estate or cash collateral held subject to the liens and security interests of the FDIC. In Section II (B) (1) of Memorandum of Points and Authorities appended to the Settlement Motion, the Trustee argues that one of the factors weighing in favor of approval of the Settlement Motion is that the settlement "will provide this cash-poor estate with $133,500, immediately." This suggests that the Trustee intends to treat the Settlement Proceeds as if they were unencumbered funds.

Although, on its face, the Settlement Motion does not appear to seek a determination that the Settlement Proceeds are lien-free, the cash-infusion justification urged by the Trustee implies that he is seeking this Court's endorsement of his apparent view that those proceeds will be unencumbered cash.[1] If that is the Trustee's intention, it is at a minimum procedurally improper. Federal Bankruptcy Rule 7001(2) provides that the validity, priority or extent of a lien can only be determined by adversary proceeding. It is improper to request that this Court determine questions concerning the validity, priority or extent of a lien by way of motion, especially one that speaks only indirectly to the lien issues. *E.g., United States v. Equinox (In re Equinox),* 1995 U.S. Dist. LEXIS 10778 (C.D. Cal. 1995) (lien priority issues may not be decided in the context of a relief from stay proceeding). The FDIC is entitled to the procedural protections of an adversary proceeding before its lien rights might be affected by an order of this Court:

> Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2). An adversary proceeding is essentially a self-contained trial -- still within the original bankruptcy case -- in which a panoply of additional procedures apply. See Fed. R. Bankr. P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of

---

[1] The FDIC hereby notifies the Trustee that the FDIC objects to the use of the Settlement Proceeds because they appear to constitute the cash collateral of the FDIC.

>       Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3
> and thus requires the filing of a complaint to commence an adversary proceeding.
> Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal
> Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy
> of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the
> defendant has 30 days to file an answer after the issuance of the summons and
> makes Federal Rule of Civil Procedure 12(b)-(h) applicable in its entirety, thus
> allowing, inter alia, all of the 12(b) defenses, motions for a more definite statement,
> and judgments on the pleadings. Moreover, an adversary proceeding offers the
> parties the same opportunity for discovery as traditional civil litigation, and the
> rules regarding voluntary and involuntary dismissals, default judgments, and
> summary judgment are identical as well. See Fed. R. Bankr. P. 7026-7037, 7041,
> 7055-7056 (making Fed. R. Civ. P. 26-37, 41, and 55-56 applicable to adversary
> proceedings).

*SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 234-235 (3d Cir. Pa. 2008) (footnote omitted).

Were the matter to be litigated in a properly commenced adversary proceeding, the FDIC would offer evidence proving that the claims being settled in this case—which apparently arise out of physical damage to the Maria Vista real estate development encumbered by the FDIC's deeds of trust—are collateral for the FDIC's claims. Among other things, the FDIC would offer, without limitation, evidence that the description of the real property encumbered by the applicable deeds of trust includes "all other rights" relating to the land and that the personal property encumbered by those deeds of trust includes "intangibles" of the Debtor.[2]

The FDIC likely will withdraw its request for hearing if the Trustee executes a stipulation

---

[2] If the Court determines that this request for hearing should be supported by evidence of the FDIC's lien, the FDIC hereby requests that this Court take judicial notice of all of the pleadings and papers filed by the FDIC, or its predecessor, Security Pacific Bank, in the above-captioned bankruptcy case. In particular, the FDIC requests that this Court take judicial notice of the Declarations of Randy Zuckerman and the loan documents appended thereto.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

with the FDIC to the effect that any order granting the Settlement Motion that this Court may issue will include provisions to the effect that (i) the liens, if any, of the FDIC on the claims being settled will attach to the Settlement Proceeds with the same validity, priority and extent as they attached to the claims prior to settlement and (ii) the Settlement Proceeds will not be used without the consent of the FDIC or further order of this Court, after notice and an opportunity to be heard is afforded to the FDIC (with the parties preserving their respective contentions concerning the validity, priority and extent of the liens, if any, of the FDIC in the Settlement Proceeds).

DATED: January 12, 2009                    FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: /s/
KENNETH N. RUSSAK
Attorneys for the Creditor Federal Deposit Insurance Corporation, in its capacity as Receiver of Security Pacific Bank

545995.1                                                                                           100386-015

4

REQUEST FOR HEARING